# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds,<br><br>Plaintiffs,<br><br>v.<br><br>KMC MASONRY, LLC,<br><br>Defendant. | Case No. 09 C 2794<br><br>Magistrate Judge Morton Denlow |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on the Motion to Bar Third Party Nicholas & Associates, Inc. ("Nicholas") from Transferring Assets to Defendant/Judgment Debtor KMC Masonry, LLC ("KMC"), filed by Plaintiffs Laborer's Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, and James R. Jorgensen ("Plaintiffs"). Plaintiffs obtained a default judgment against KMC in the amount of $279,725, and the case is now in the post-judgment collection phase. Dkt. 14. With this motion, Plaintiffs are asking the Court to bar Nicholas from transferring assets to KMC in connection with a pending state court suit without first paying the judgment entered here. For the reasons below, Plaintiffs' motion is granted to bar the transfer of funds up to the amount of $279,725.

# I. BACKGROUND FACTS

Plaintiffs initially filed this claim against KMC alleging failure to pay employee benefit contributions and union dues in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act ("LMRA"). On June 19, 2009, Judge Charles Norgle entered a default judgment on behalf of Plaintiffs and against KMC in the amount of $279,725, which included unpaid contributions and union dues, penalties, interest, and attorneys' fees and costs. Dkt. 14. On July 6, 2009, a citation to discover assets was issued to third party Nicholas & Associates, Inc., a general contractor who had in the past subcontracted masonry work to KMC. Dkt. 15. Nicholas attempted to quash the citation and intervene in the case, but this Court denied both motions. Dkt. 16, 37. Thereafter, Nicholas Papanicholas, president of Nicholas, appeared for a deposition on October 6, 2009, and additional records were submitted to Plaintiffs on December 8, 2009. Plaintiffs have not yet sought a turnover order for any assets or funds from Nicholas.

Nicholas subsequently informed Plaintiffs that KMC filed a lawsuit against Nicholas in Kane County, Illinois[1] on or about January 14, 2010, raising breach of contract and bond claims ("Kane County action"). Pl. Mot.[2] Ex. A. KMC is seeking judgment against Nicholas in the Kane County action in the amount of $1,872,767. Plaintiffs now ask this Court to extend the stay provided in the citation notice to Nicholas and enter a restraining order

---

[1] *KMC Masonry, LLC v. Nicholas & Associates, Inc., et al.*, No. 10 CH 150 (Sixteenth Judicial Circuit, Kane County, Illinois).

[2] "Pl. Mot." refers to Plaintiffs' Motion to Bar Nicholas from Transferring Assets to KMC currently before this Court.

barring Nicholas from making payment to KMC in connection with the Kane County action without first satisfying the judgment entered in the present case.

## II. LEGAL STANDARDS

In a federal proceeding, the procedure for executing a money judgment follows that of the state where the court is located, except to the extent a federal statute applies. Fed.R.Civ.P. 69(a). In this case, a court in this district entered the money judgment at issue, and no relevant federal statute exists, so Illinois procedure applies. *Star Ins. Co. v. Risk Marketing Group Inc.,* 561 F.3d 656, 661-62 (7th Cir. 2009). In Illinois, civil judgments are enforced through supplementary proceedings pursuant to 735 ILCS 5/2-1402 and Illinois Supreme Court Rule 277. The collection statute is to be liberally construed, and vests courts with broad powers to enforce judgments. *Society of Lloyd's v. Estate of McMurray*, 274 F.3d 1133, 1136 (7th Cir.2001).

Illinois allows a judgment creditor to pursue assets or income of the judgment debtor by instituting citation proceedings against the judgment debtor and/or a third party. 735 ILCS 5/2-1402(a). When issued against a third party, the statute specifically provides that the citation "may prohibit the party to whom it is directed from making or allowing any transfer or other disposition of . . . any property . . . belonging to the judgment debtor or to which he or she may be entitled or which may thereafter be acquired by or become due to him or her, and from paying over . . . moneys . . . which are due or to become due to the judgment debtor . . . ." 735 ILCS 5/2-1402(f)(1).

Furthermore, under 735 ILCS 5/2-1402(m), a lien is created by proper service of a

citation to discover assets that "binds nonexempt personal property, including money, choses in action, and effects of the judgment debtor. . . ." When the citation has been served on a third party, that lien reaches "all personal property belonging to the judgment debtor in the possession or control of the third party or which thereafter may be acquired or come due the judgment debtor . . . ." 735 ILCS 5/2-1402(m)(2). The lien is perfected on the date the citation is served. *Cacok v. Covington Electric Co, Inc.*, 111 F.3d 52, 53 (7th Cir. 1997).[3]

### III.  DISCUSSION

The issue presented in this case is whether 735 ILCS 5/2-1402 allows a judgment creditor to obtain a restraining order preventing a third-party citation respondent from making potential future payments to the judgment debtor pursuant to litigation brought by the judgment debtor against the third party.

Plaintiffs argue that this Court should apply 735 ILCS 5/2-1402(m) to prevent Nicholas from paying KMC anything in connection with the Kane County action without first satisfying the judgment in the present case. Plaintiffs argue that the Kane County action could be settled without public notice or trial, and thus a restraining order against Nicholas is required to ensure they do not transfer funds to KMC without first satisfying this Court's judgment.

Nicholas opposes the motion with the argument that Illinois law does not allow

---

[3] A supplementary proceeding automatically terminates six (6) months from the date of the citation respondent's first personal appearance; however, the court may grant an extension "as justice may require." Il. S. Ct. R. 277(f). This Court granted Plaintiffs an extension on the citation to discover assets against Nicholas & Associates, Inc. until April 28, 2010 or the Court's ruling on the present motion, whichever is later. Dkt. 48.

4

Plaintiffs to obtain a court order barring Nicholas from paying a potential future judgment. Rather, Nicholas contends Plaintiffs' only remedy is to seek a turnover order of the Kane County action and then prosecute as KMC's assignee, which Plaintiffs have not sought to do.

Plaintiffs' position is fully supported by the relevant precedent. A judgment creditor is allowed to pursue a contingent asset such as a potential judgment. *FM Industries, Inc. v. Citicorp Credit Services, Inc.*, 656 F. Supp. 2d 795, 799 (N.D. Ill. 2009). Furthermore, Illinois clearly allows a judgment creditor to obtain a restraining order by means of a citation proceeding against a third party who is a defendant in a separate action brought by the judgment debtor. *Cacok*, 111 F.3d at 54-55; *Podvinec v. Popov*, 658 N.E.2d 433, 435 (Ill. 1995); *Home State Bank/National Association v. Potokar*, 617 N.E.2d 1302, 1304 (Ill. App Ct. 1993); *Kirchheimer Brothers Co. v. Jewelry Mine, Ltd.*, 426 N.E.2d 1110, 1113-14 (Ill. App. Ct. 1981).

The Court finds the Seventh Circuit's decision in *Cacok* to be dispositive of this case. There, the court explicitly held that "Illinois allows the entry of restraining orders against third-party defendants/citation respondents" in circumstances similar to the present case. *Cacok*, 111 F.3d at 54. The plaintiff in *Cacok* had obtained a default judgment against the defendant, but had difficulty enforcing it. Upon discovering that the defendant/judgment debtor was a plaintiff in a state medical malpractice suit, the plaintiff/judgment creditor served the third-party defendant in the state action with a citation to discover assets and sought turnover of any proceeds that might become due to the judgment debtor. The Seventh Circuit held that the district court did not have authority to enter a turnover order of assets

5

not yet due the judgment debtor, but *did* have the authority pursuant to 735 ILCS 5/2-1402(m) to enter a restraining order prohibiting the citation respondents from transferring any funds to the judgment debtor until the court had determined the rights of the judgment creditor. *Id.* at 54-55. Furthermore, the court held that the lien created by the citation proceedings could be extended beyond the six-month period set forth in Illinois Supreme Court Rule 277(f) to preserve the plaintiff's lien position and safeguard her right to collect.

*Cacok* relied on an Illinois Supreme Court case, *Podvinec v. Popov*, which is similarly on point. 658 N.E.2d 433 (Ill. 1995). In *Podvinec*, the plaintiff obtained a judgment against the defendant/judgment debtor, and in the course of citation proceedings against him, discovered that he had a separate suit pending against a third party for foreclosure on a mechanic's lien. The court subsequently entered an order imposing a judicial lien on "any funds realized" in the second action, and gave the third-party defendants in that suit notice that the lien was spread of record. *Id.* at 435. The court held that the third-party defendants were bound by the lien, and thus "acted at their own peril" in paying settlement proceeds directly to the judgment debtor in the first suit rather than to the judgment creditor. *Id.* at 436.

Nicholas relies on two cases to support its position that a restraining order is not allowed under these circumstances, *Poulos v. Litwin*, 549 N.E.2d 855 (Ill. App. Ct. 1989) and *Stevenson v. Samkow*, 491 N.E.2d 1318 (Ill. App. Ct. 1986). In *Poulos*, the situation was similar to the one here, with a judgment creditor attempting to obtain a restraining order against a third party who was the defendant in a personal injury suit brought by the judgment

debtor. The court rejected the premise that a party may be restrained from transferring intangible property such a as a potential future judgment, as the statute in effect at that time only forbade the transfer of "moneys . . . which are due or to become due to the judgment debtor." *Poulos*, 549 N.E.2d at 858. However, 735 ILCS 5/2-1402 was amended in 1993 to permit judgment creditors to attach liens to intangible assets such as an ongoing lawsuit. Thus, 735 ILCS 5/2-1402(m) now specifically includes "choses in action"[4] as property that may be bound by a citation to discover assets, and additionally encompasses property "which thereafter may be acquired or come due the judgment debtor." This statutory amendment effectively overrules *Poulos*.

*Stevenson* is also unhelpful, as it involved a distinguishable set of facts. In that case, the court rejected a lien on a potential claim the judgment debtor might have had for bad faith against his insurance company, but that he had not yet filed. The court held that the insurance company did not hold an asset that could be reached in a supplemental proceeding. *Stevenson*, 491 N.E.2d at 1321-22. Given the Illinois Appellate Court's definition of a "chose in action" as currently-pending litigation, it may be that *Stevenson* is still good law. *See Gonzalez*, 776 N.E.2d at 680. However, the Court need not decide that point, as the present case involves a lawsuit that has already been filed and is clearly reachable by the statute.

Given the applicable law, Plaintiffs are entitled to a restraining order against Nicholas

---

[4]The Illinois Appellate Court has defined a "chose in action" as "an issue that has been the subject of litigation, or, at the very least, is in the process of being litigated." *Gonzalez v. Profile Sanding Equipment*, 776 N.E.2d 667, 680 (Ill. App. Ct. 2002).

barring it from transferring funds up to the amount of $279,725 to KMC in connection with the Kane County action, until such time as that suit is adjudicated or otherwise resolved. Plaintiffs' lien on assets due or that may hereafter come due to KMC was perfected when it filed the citation to discover assets against Nicholas on July 6, 2009, and that lien has been extended by this Court. Thus, it is within this Court's authority to prohibit Nicholas from transferring assets that may become due to KMC pursuant to 735 ILCS 5/2-1402. If the Kane County action is resolved such that Nicholas owes KMC nothing, Nicholas will have no obligation under this order. However, funds up to the amount of the default judgment owed by KMC in the present case are subject to the restraining order.

To that end, the Court will extend Plaintiffs' lien period against any assets held by Nicholas that may come due to KMC pursuant to Ill. S. Ct. R. 277(f), in the interest of justice. Plaintiffs have no choice but to await the outcome of the Kane County action before obtaining any certainty of what they may be able to obtain from Nicholas; thus, the lien period is extended until such time as that litigation and all claims to the proceeds up to $279,725 are resolved.

The relief Plaintiffs are entitled to under this order extends only to a prohibition on Nicholas from transferring up to $279,725 to KMC. This maintains the status quo and protects the priority of Plaintiffs' lien. If and when funds become due to KMC from Nicholas, Plaintiffs may seek a turnover order for those funds. *See* 735 ILCS 5/2-1402(c)(3).

### IV. CONCLUSION

**For the reasons set forth in this opinion, the Court grants Plaintiffs' motion and**

**hereby enters a restraining order against Nicholas & Associates, Inc. barring it from transferring funds to KMC Masonry, LLC up to the amount of $279,725 pursuant to any resolution of** *KMC Masonry, LLC v. Nicholas & Associates, Inc., et al.***, No. 10 CH 150 (Sixteenth Judicial Circuit, Kane County, Illinois). Nicholas is further ordered to notify Plaintiffs upon any resolution of the Kane County action. The period of Plaintiffs' lien against any funds up to $279,725 held by Nicholas & Associate, Inc. that are or may become due to KMC Masonry, LLC is hereby extended until final resolution of the Kane County action and final resolution of all claims to the funds subject to the lien.**

**SO ORDERED THIS 4TH DAY of MAY, 2010**.

_____
**MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE**

**Copies sent to:**

Karen I. Engelhardt
Allison, Slutsky & Kennedy P.C.
230 W. Monroe, Suite 2600
Chicago, IL 60606

Counsel for Plaintiffs

Charles B. Lewis
Jeffrey L. Hamera
Christopher J. Petelle
Duane Morris LLP
190 S. LaSalle, Suite 3700
Chicago, IL 60603

Counsel for Nicholas & Associates, Inc.